Richard D. **LAMBORN**, Plaintiff
and Appellant,

v.

Zerea B. **JESSOP**, Rich County Clerk, and
James C. Jenkins, Rich County Attor-
ney, Defendants and Respondents.

No. 17423.

Supreme Court of Utah.

June 9, 1981.

Bryan L. McDougal, of McDougal, Haley,
Dahl & Stolebarger, Salt Lake City, for
plaintiff and appellant.

James C. Jenkins, Rich County Atty., Lo-
gan, for defendants and respondents.

HOWE, Justice:

Plaintiff, Richard D. Lamborn, brought
this action for declaratory and injunctive
relief concerning his declaration of candida-
cy for the office of Rich County attorney.
The trial court entered a summary judg-
ment in favor of the defendants, ruling that
the term of the incumbent county attorney
would continue for its full four years, and
thus there was no vacancy in the office
sought by the plaintiff. He brings this
appeal.

There were no members of the bar resid-
ing in Rich County at the time of the gener-
al election in November 1978 and no one
ran for county attorney. That office there-
fore became vacant on January 1, 1979.
James C. Jenkins, a resident of Cache Coun-
ty, was appointed to the office to serve for
the "unexpired term" of four years, pursu-
ant to the governing language of § 17–5–
21, U.C.A.1953 as amended.

Following Jenkins' assumption of the of-
fice, the Legislature in 1979 amended
§ 17–5–21 by adding the following under-
lined provision:

[The county commissioners] may fill by appointment all vacancies that occur in offices filled by appointment of the board of county commissioners, and vacancies in all elective county, district or precinct office, except as otherwise provided by law; the appointee to hold office for the unexpired term *or until a successor is elected and has qualified. If two years remain on the unexpired terms as of the first Monday in January next and 30 days or more remain before the general election or if the office shall be vacant by the first Monday of January next due to a certified written resignation submitted when 30 days or more remain before the general election, then the vacancy for the unexpired term shall be filled under the provisions of section 20–4–9 and 20–4–11.5, except that the vacancy shall be filled in the interim period by appointment.*

In the event of a vacancy in the office of county attorney, they may appoint an attorney who is not an elector of the county, provided that when a duly licensed member of the bar in good standing is a resident of the county and will accept the appointment to the position of county attorney, the vacancy shall be filled by the appointment of such licensed member of the bar.

Thereafter, on May 19, 1980, Lamborn, a licensed attorney who claimed residency in Rich County, filed a declaration of candidacy to run for the unexpired term of the office of county attorney and obtained the nomination of his party. He did this in reliance on the 1979 amendment since two years remained of the unexpired term and 30 days remained before the next general election in November 1980. The declaration of candidacy was accepted "under protest" by the county clerk upon instruction from Jenkins on the grounds that there was no vacancy in the office to be filled, and that Lamborn was not a resident of Rich County when he filed his declaration of candidacy. Lamborn's name was placed on the ballot [1]

and he subsequently filed the present action seeking enforcement of his right to run, and if elected, to serve the balance of the term to which Jenkins had been appointed. In October 1980 the court below dismissed Lamborn's complaint based on its findings that Jenkins was entitled to serve out the full term for which he was appointed until December 31, 1982, and that there was therefore no vacancy in that office to be filled at the November 1980 general election. Other objections raised by defendants in opposition to Lamborn's candidacy were not reached by the court.

Lamborn asserts that the 1979 amendment to § 17–5–21 mandated an election for the office at the general election in November 1980. Although Article VIII, Sec. 10 of the Utah Constitution creates the office of county attorney and requires an election for that office every four years, the Constitution is silent as to the filling of vacancies that may occur, leaving that subject to legislative enactment. Under § 17–5–21, as it provided at the time of Jenkins' appointment, a successor would serve the unexpired term regardless of its length or the occurrence of a general election prior to the expiration of the term. The 1979 amendment, reflecting concern that office holders should be chosen by the elective process wherever appropriate and practical, applied to "all vacancies that occur in offices filled by appointment of the board of county commissioners, and vacancies in all elective county, district or precinct offices."

In support of his position, Lamborn cites *State v. Maxfield*, 103 Utah 1, 132 P.2d 660 (1942), a case brought to determine the rights of incumbent members of the State Road Commission who were to be replaced by new appointees prior to the expiration of their terms. A legislative plan of reorganization had eliminated the Road Commission and created a new Engineering Commission to assume the consolidated duties of several appointive bodies. This Court upheld the

---

1. We were advised by counsel at the oral argument of this appeal that after the trial of this action Lamborn received a plurality of the votes at the general election held in November 1980.

power of the Legislature to shorten the incumbency of one who was appointed to an office for a fixed term as long as the purpose in doing so was proper. The Court stated:

> Appointment of an officer gives rise to no contract that he may retain the office for the term appointed. No person has a vested right to an office. He has a right to the emoluments of office if he is entitled to hold the office. There is no contract that an appointee may remain in office. [103 Utah at 7, 132 P.2d at 662–63.]

Other courts have also held that there is no contractual right to public office and that public office is subject to legislative control absent a constitutional prohibition. See e. g., *Lanza v. Wagner*, 11 N.Y.2d 317, 229 N.Y.S.2d 380, 183 N.E.2d 670 (1962), where the court upheld legislation reorganizing and reconstituting the New City Board of Education, and *Wright v. City of Florence*, 229 S.C. 419, 93 S.E.2d 215 (1956), where the legislature's abolition of the Civil Service Commission was found not to violate the rights of the members who lost their positions.

Although *Maxfield* involved an office created not by the Constitution as in the instant case but by the Legislature, its rationale is applicable here. If a statutory enactment is based on a legitimate legislative purpose directed to the office and not to the office-holder, and it affects the office in a manner consistent with the State Constitution, the statute and actions taken pursuant thereto should be upheld. If its only purpose is to unseat an incumbent office-holder, of course, it would be invalid. The 1979 amendment serves sound public policy in that it gives to the electorate a voice in choosing office-holders who are to serve for a substantial period of time in positions previously left vacant and filled by appointment.

The trial court erred in finding the statute inapplicable because there was no present "vacancy" in the office. Had the statute been enacted prior to Jenkins' appointment there would have arisen no question as to its applicability. Jenkins was not elected to his position; his appointment was governed by the legislative provisions in effect at that time and also by any subsequent amendment to them which addressed the subject. This determination does not result in retroactive application of the statute in question; it applies prospectively to terms of office that are of sufficient length to come within the statutory provision.

Reversed and remanded for further proceedings in conformity with this opinion. Costs to appellant.

HALL, STEWART and OAKS, JJ., concur.

MAUGHAN, C. J., did not participate.